# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE THOMPSON | Case No.  1:14-cv-00803-LJO-GSA |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS THE PETITION AND PETITIONER'S MOTIONS FOR DEFAULT |
| v. | |
| TIMOTHY LOCKWOOD, | (ECF Nos. 29, 33, and 36) |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent is represented in this action by Andrew Woodrow of the Attorney General of California.

## I.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at Pelican Bay State Prison.  He challenges a prison disciplinary hearing held on August 8, 2012, at Corcoran State Prison, wherein Petitioner was found guilty of indecent exposure and for which he was assessed a 90 day loss of time credits.  (Pet. at 1, ECF No. 1). Petitioner administratively appealed the decision, and the final administrative appeal was denied on January 27, 2013. (Pet., Ex. A at 4-5).

Petitioner filed several collateral challenges in the state courts.  On February 4, 2013,

1    Petitioner filed a petition for writ of habeas corpus in the Kings County Superior Court.  (Motion
2    to Dismiss, Ex. 1).  The Superior Court denied the petition on April 4, 2013.  (Pet., Ex. C).
3    Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal Fifth
4    Appellate District on April 29, 2013.  (Motion to Dismiss, Ex. 2).  The petition was denied by
5    the Fifth Appellate District on May 23, 2013.  (Motion to Dismiss, Ex. 2).  On June 13, 2013,
6    Petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (Motion to
7    Dismiss, Ex. 3).  The petition was denied on August 14, 2013, with a citation to <u>People v.</u>
8    <u>Duvall</u>, 9 Cal. 4th 464, 474 (1995) and <u>In re Dexter</u>, 25 Cal3d 921, 925 (1979).  (Pet, Ex. D).

9        On September 24, 2013, Petitioner filed the instant petition for writ of habeas corpus in
10   the Northern District of California.  (ECF No. 1).  On April 7, 2014, the petition was transferred
11   to this Court.  (ECF No. 15).  On August 8, 2014, Respondent filed a motion to dismiss the
12   petition as unexhausted.  On August 28, 2014, Petitioner filed an opposition to the motion to
13   dismiss, and a motion for default judgment.  (ECF Nos. 32 and 33).  On September 8, 2014,
14   Respondent filed a reply to the opposition, and an opposition to the motion for default judgment.
15   (ECF Nos. 34 and 35).  On September 16, 2014, Petitioner filed a second motion for default
16   judgment.  (ECF No. 36).  On October 3, 2014, Respondent filed an opposition to the second
17   motion for default judgment.  (ECF No. 37).

18                                              **II.**

19                                          **DISCUSSION**

20       **A.       Procedural Grounds for Motion to Dismiss**

21       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
22   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
23   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

24       The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer
25   if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of
26   the state's procedural rules.  <u>See, e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990)
27   (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White</u>
28   <u>v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

motion to dismiss for state procedural default); <u>Harrison v. Galaza</u>, 1999 WL 58594 (N.D. Cal.1999) (using Rule 4 to review motion to dismiss for statute of limitations violation). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2254(b)(1)'s exhaustion requirement for failure to exhaust administrative remedies and failure to exhaust judicial remedies. The Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4, because Respondent has not yet filed a formal answer.

### B.    Procedural Default for Failure to Exhaust Administrative Remedies

Respondent argues that this Court is barred from reviewing Petitioner's claim that his voluntary intoxication prevented a guilty finding on a charge of violation of section 3007, because the California Supreme Court's citation to the decision of <u>In re Dexter</u>, 25 Cal.3d 921 (1979), suggests a failure to exhaust administrative remedies on this claim, and that finding constitutes state grounds independent of any federal question which are sufficient to support the judgment. Therefore, Respondent argues that Petitioner has procedurally defaulted this claim that he raises in the instant petition and cannot proceed in this Court.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991); <u>LaCrosse v. Kernan</u>, 244 F.3d 702, 704 (9th Cir. 2001). If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." <u>Noltie v. Peterson</u>, 9 F.3d 802, 804-05 (9th Cir. 1993); <u>Coleman</u>, 501 U.S. at 750; <u>Park v. California</u>, 202 F.3d 1146, 1150 (9th Cir. 2000).

"For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." <u>LaCrosse</u>, 244 F.3d at 704 (citing <u>Michigan v. Long</u>, 463 U.S. 1032, 1040-41 (1983)); <u>Morales v. Calderon</u>, 85 F.3d 1387, 1393 (9th Cir. 1996) (quoting

Coleman, 501 U.S. at 735 ("Federal habeas review is not barred if the state decision 'fairly appears to rest primarily on federal law, or to be interwoven with federal law.'")).   "A state law is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed."   Park, 202 F.3d at 1152 (quoting Ake v. Oklahoma, 470 U.S. 68, 75 (1985)).

To be deemed adequate, the state law ground for the decision must be well-established and consistently applied.   Poland v. Stewart, 169 F.3d 573, 577 (9th Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 424 (1991) ("A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court.")).   Although a state court's exercise of judicial discretion will not necessarily render a rule inadequate, the discretion must entail "the exercise of judgment according to standards that, at least over time, can become known and understood within reasonable operating limits."   Id. at 377 (quoting Morales, 85 F.3d at 1392).

In Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003), the Ninth Circuit held that although the California untimeliness rule as expressed in In re Robbins was an independent state procedural ground, the Court could not conclude that it was an adequate state procedural ground on the basis of the record before it.   The Ninth Circuit remanded the case to the district court to determine the issue of adequacy (whether the timeliness bar was sufficiently well-established and consistently applied at the time the default occurred).   Id.   While the ultimate burden of proving adequacy rests with the respondent, the petitioner must place the state's affirmative defense of independent and adequate state procedural grounds at issue "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure."   Id.

Here, the California Supreme Court declined to review the merits of the petition and rejected it by citing In re Dexter, 25 Cal.3d 921 (1979).   In Dexter, the California Supreme Court held in relevant part that an inmate will not be afforded judicial relief unless he has exhausted available administrative remedies.   Id.   Here, it is apparent that Petitioner did not exhaust the available administrative remedies on his claim that his voluntary intoxication prevented a guilty finding on a charge of violation of section 3007.

1    The California Department of Corrections has an administrative grievance system for
2  prisoner complaints.  Cal. Code Regs., tit. 15 § 3084 et seq. (2004).  "Any inmate or parolee
3  under the department's jurisdiction may appeal any departmental decision, action, condition, or
4  policy which they can reasonably demonstrate as having an adverse effect upon their welfare."
5  Id. at § 3084.1(a). Four levels of appeal are involved, including the informal level, first formal
6  level, second formal level, and third formal level - also known as the "Director's Level." Id. at
7  § 3084.5. The Director's Level is the final administrative level of review. See Wyatt v. Terhune,
8  315 F.3d 1108, 1116 (9th Cir. 2003).

9    In this case, Petitioner pursued an administrative appeal.  However, the only grounds that
10  Petitioner raised during his administrative appeal were that the officer did not have a clear view
11  into his cell and that his witness would have testified there was a yellow placard on his window,
12  which would have obscured her view.  Therefore, Petitioner did not present his claim that his
13  voluntary intoxication prevented a guilty finding on a charge of violation of section 3007 in his
14  administrative appeal.  As Respondent correctly argues, the rule in California that an inmate
15  must exhaust his administrative appeals is well-established and has been applied since 1941. See
16  Abelleira v. District Court of Appeal, 17 Cal.2d 280, 292 (1941). The rule was firmly established
17  at the time of Petitioner's default and has been consistently applied since Abelleira. Dexter, 25
18  Cal.3d at 925; In re Muszalski, 52 Cal.App.3d 500, 503 (1975); In re Serna, 76 Cal.App.3d 1010,
19  1014 (1978); In re Arias, 42 Cal.3d 667, 678 (1986), Wright v. State, 122 Cal.App.4th 659
20  (Cal.App. 2004). In addition, Dexter is solely based on state law and is therefore independent of
21  federal law.  See Carter v. Giurbino, 385 F.3d 1194, 1197-98 (9th Cir. 2004) (state rule
22  independent where "[n]o federal analysis enters into the [rule's] equation"). Thus, the rule in
23  Dexter is an adequate and independent state ground that bars this Court from reaching the merits
24  of Petitioner's claim that his voluntary intoxication prevented a guilty finding on a charge of
25  violation of section 3007.

26    Furthermore, Petitioner has failed to establish cause and prejudice sufficient to excuse the
27  default.  Petitioner argues that if he returns to the California Supreme Court now, it will deny his
28  petition for review because the statute of limitations has expired.  (Opp'n at 6).  This is not

1    sufficient to excuse his default.  Therefore, this claim is procedurally defaulted, and this Court

2    will not review this claim.

3         **C.    Procedural Default for Failure to Exhaust State Judicial Remedies**

4         Respondent argues that Petitioner did not exhaust his state judicial remedies on his other

5    two claims, that a Senior Hearing Officer denied a witness request and issued a decision

6    unsupported by the evidence to the California Supreme Court, because Petitioner did not give the

7    California Supreme Court a full and fair opportunity to decide the petition on the merits.

8    Respondent contends that the California Supreme Court denied Petitioner's other two claims

9    with a citation to <u>People v. Duvall</u>, 9 Cal. 4th 464, 474 (1995), because he did not state fully and

10   with particularity the facts on which he sought relief and he did not include copies of reasonably

11   available documentary evidence supporting his claims.

12        A petitioner who is in state custody and wishes to collaterally challenge his conviction by

13   a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

14   The exhaustion doctrine is based on comity to the state court and gives the state court the initial

15   opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501

16   U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S.Ct.

17   1198, 1203 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

18        A petitioner can satisfy the exhaustion requirement by providing the highest state court

19   with a full and fair opportunity to consider each claim before presenting it to the federal court.

20   <u>Picard v. Connor</u>, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828,

21   829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

22   opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

23   factual and legal basis.  <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

24   basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

25   Additionally, the petitioner must have specifically told the state court that he was raising a

26   federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66, 115 S.Ct. at 888; <u>Keating v. Hood</u>,

27   133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial

28   court violated his due process rights "he must say so, not only in federal court but in state court."

<u>Duncan</u>, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court.  <u>See</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999); <u>Keating v. Hood</u>, 133 F.3d at 1241.  In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law.  <u>See</u> <u>Shumway v. Payne</u>, 223 F.3d 982, 987-988 (9th Cir. 2000).  Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or in the decisions of federal courts, even if the federal basis is "self-evidence," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds.  <u>Hiivala v. Wood</u>, 195 F.3d at 1106-1107; <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-831 (9th Cir. 1996); <u>Crotts</u>, 73 F.3d at 865.

1        . . . .

2              In <u>Johnson</u>, we explained that the petitioner must alert the state
         court to the fact that the relevant claim is a federal one without
3        regard to how similar the state and federal standards for reviewing
         the claim may be or how obvious the violation of federal law is.

4

5    <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

6        Respondent argues that Petitioner did not give the California Supreme Court a fair

7    opportunity to rule on the merits of his claims, because he did not attach any exhibits to his

8    California Supreme Court petition. (Motion to Dismiss at 3). In his opposition, Petitioner claims

9    that he attached the lower courts findings, decision, and opinion when he submitted his petition

10   to the California Supreme Court. (Opp'n at 2). Respondent correctly argues that Petitioner did

11   not file a petition for review of a lower court decision. Petitioner filed an original petition for

12   writ of habeas corpus in the Supreme Court, and therefore, needed to present sufficient facts and

13   evidence for the Court to review his claims. See <u>Duvall</u>, 9 Cal. 4th at 474 (Petition must

14   "include copies of reasonably available documentary evidence supporting the claim including

15   pertinent portions of trial transcripts and affidavits or declarations."). Respondent submitted

16   Petitioner's filing to the California Supreme Court as an exhibit to his motion to dismiss.

17   (Motion to Dismiss, Ex. 3). In his filing to the California Supreme Court, the only decision that

18   Petitioner included was the Kings County Superior Court April 4, 2013, opinion on his petition

19   for habeas corpus. (Motion to Dismiss, Ex. 3). Therefore, Petitioner did include the Superior

20   Court's opinion, but he failed to include the prison disciplinary decision and the administrative

21   appeal decisions. Petitioner's failure to include these documents deprived the California

22   Supreme Court of the opportunity to review his claims because he did not satisfy procedural

23   pleading requirements. See <u>Roettgen v. Copeland</u>, 33 F.3d 36, 39 (9th Cir. 1994) (holding that

24   presenting a claim "in a procedural context in which its merits will not be considered absent

25   special circumstances does not constitute fair presentation").

26       Petitioner argues that the California Supreme Court's order was vague, because it

27   contained only citations. (Opp'n at 3). However, the California Supreme Court may indicate

28   that a petition is procedurally deficient by citation without elaborating. See <u>Harris v. Superior</u>

8

1  Court, 500 F.2d 1124, 1128 (9th Cir. 1974); Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir.

2  1992).

3       As Petitioner has not fairly and fully presented his claims to the California Supreme

4  Court, his claims are unexhausted, and this Court will not proceed to the merits.  See 28 U.S.C. §

5  2254(b)(1).  Moreover, as Petitioner has not shown that there are exceptional circumstances in

6  his case or that his case presents an obvious miscarriage of justice, this Court will not excuse the

7  exhaustion requirement.  See Granberry v. Greer, 481 U.S. 129, 134 (1987) (quoting Ex Parte

8  Hawk, 321 U.S. 114, 117 (1944)).

9       **D.    Petitioner's Motion for Default**

10       On August 28, 2014, Petitioner filed a motion for default judgment, arguing that

11  Respondent failed to timely file a response to the Petition.  (ECF No. 33).  On September 16,

12  2014, Petitioner filed a motion for default judgment, arguing that Respondent failed to timely file

13  his Reply to the Opposition to the Motion to Dismiss.  (ECF No. 36).  Respondent has submitted

14  oppositions to both motions for default judgment.  (ECF Nos. 34 and 37).

15       As Respondent correctly argues in his opposition to Petitioner's motion for default,

16  Federal Rule of Civil Procedure 6(d) provides that when service is accomplished electronically

17  with Federal Rule of Civil Procedure 5(b)(2)(E), "3 days are added after the period would

18  otherwise expire under Rule 6(a)" for a party to act.  As for the motion for default judgment

19  based on Respondent's Motion to Dismiss, this Court served its order to respond on Respondent

20  electronically on June 6, 2014.  Pursuant to the order to respond, Respondent had to file a

21  response within 60 days of service of the order.  (ECF No. 25).  Therefore, adding the three

22  additional days pursuant to FRCP 6(d), Respondent's pleading was due on August 8, 2014.

23  Respondent filed his motion to dismiss on August 7, 2014, and therefore, he filed his response in

24  accordance with the Court's June 6, 2014, order.

25       As for the motion for default judgment based on the Reply to the Opposition to the

26  Motion to Dismiss, pursuant to the order to respond, Respondent had to file any Reply to an

27  Opposition to the Motion to Dismiss within seven days after the opposition was served.  (ECF

28  No. 25).  According to Petitioner's proof of service attached to his Opposition to the Motion to

1  Dismiss, he served Respondent by mail on August 24, 2014, which was a Sunday, so the Court

2  will consider the date of service as Monday, August 25, 2014.  (Opposition to Motion to Dismiss

3  at 8).  Pursuant to Rule 5(b)(2)(C), service was complete upon mailing, and therefore complete

4  on August 25, 2014.  Respondent's time period to file a Reply to the Opposition to the Motion to

5  Dismiss would have expired September 1, 2014.  However, pursuant to Federal Rule of Civil

6  Procedure 6(d), when service was accomplished by mail according to Federal Rule of Civil

7  Procedure 5(b)(2)(C), "3 days are added after the period would otherwise expire under Rule

8  6(a)" for the party to act.  Therefore, Respondent had to file his Opposition to the Motion to

9  Dismiss on or before September 4, 2014.  Respondent filed his Opposition to the Motion to

10  Dismiss on September 8, 2014, and therefore, this was untimely.  Notwithstanding the fact that it

11  was untimely filed, Petitioner has not demonstrated that he suffered any prejudice, and the Court

12  will accept the Opposition to the Motion to Dismiss.

13          Moreover, 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend

14  to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the

15  United States."  Section 2243 provides that "the court shall summarily hear and determine the

16  facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.   In <u>Townsend v.

17  Sam</u>, 372 U.S. 293, 312, 83 S.Ct. 745 (1963), the Court said: "State prisoners are entitled to

18  relief on federal habeas corpus only upon proving that their detention violates the fundamental

19  liberties of the person, safeguarded against state action by the Federal Constitution."  The burden

20  to show that he is in custody in violation of the Constitution of the United States is on Petitioner.

21  The failure of State officials to timely comply with the deadlines set by this Court does not

22  relieve Petitioner of his burden of proof.  Default judgments in habeas corpus proceedings are

23  not available as a procedure to empty state prisons. Therefore, the Court concludes that Petitioner

24  is not entitled to default judgment.  <u>Gordon v. Duran</u>, 895 F.2d 610, 612 (9th Cir.1990); <u>see also</u>

25  <u>Bleitner v. Welborn</u>, 15 F.3d 652, 653 (7th Cir. 1994) (Respondent's failure to timely respond to

26  petition does not entitle Petitioner to default.).

27  ///

28  ///

## III.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition for writ of habeas corpus be GRANTED;

2. The instant petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE; and

3. Petitioner's motions for default judgment be DENIED.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 12, 2014**

UNITED STATES MAGISTRATE JUDGE